FILED'08 AUG 27 1451 USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JEFFREY SCHOESSLER,                          Civil No. 07-186-AA

        Plaintiff                     OPINION AND ORDER

   v.

MICHAEL J. ASTRUE,


        Defendant.
_____

MARTIN R. COHEN
P.O. Box 1229
4040 Douglas Way
Lake Oswego, Oregon 97035

LINDA S. ZISKIN
3 Monroe Parkway, Suite P
Lake Oswego, Oregon 97035
    Attorneys for Plaintiff

KARIN J. IMMERGUT
United States Attorney
BRITANNIA I. HOBBS
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR 97204-2904

JOANNE E. DANTONIO
Special Assistant U.S. Attorney
Social Security Administration
701 Fifth Avenue, Suite 2900, M/S 901
Seattle, WA 98104-7075
    Attorneys for Defendant

AIKEN, Judge:

Plaintiff Jeffrey Schoessler seeks judicial review of the Social Security Commissioner's final decision denying his application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act. This court has jurisdiction under 42 U.S.C. § 405(g). The Commissioner's final decision is affirmed.

## BACKGROUND

Born in 1954, Schoessler completed high school and two years of post-secondary education. Tr. 61, 83. Between 1992 and 2000 Schoessler worked as a baker, painter, car dealership lot attendant, store clerk, and grocery checker. Tr. 103. Schoessler applied for DIB on July 8, 2002, alleging disability August 8, 1999, due to numbness in his hands and feet, shortness of breath, light headedness, nausea, headaches, weakness, fainting, chest pain, and high blood pressure. Tr. 61, 76.

The Commissioner denied Schoessler's application initially and upon reconsideration. Tr. 22-31. An Administrative Law Judge ("ALJ") held a hearing on December 16, 2004, and subsequently found Schoessler not disabled. Tr. 386-95. Schoessler appealed to this court, and this court remanded the matter for further proceedings to properly consider the opinions of examining psychologist Dr.

2 - OPINION AND ORDER

Binder and examining physician Dr. Ramsthel, as well as the lay testimony. Tr. 396.

The ALJ held a second hearing on November 2, 2006, and again found Schoessler not disabled. Tr. 374-85 on November 28, 2006. The Appeals Council accepted additional evidence into the record but denied review, making the ALJ's decision the final decision of the Commissioner. Tr. 5-9.

## DISABILITY ANALYSIS

The Commissioner engages in a sequential process encompassing between one and five steps in determining disability under the meaning of the Act. 20 C.F.R. § 404.1520; Bowen v. Yuckert, 482 U.S. 137, 140 (1987).

At step one, the ALJ determines if the claimant is performing substantial gainful activity. If she is, the claimant is not disabled. 20 C.F.R. § 404.1520(a)(4)(I). At step two, the ALJ determines if the claimant has "a severe medically determinable physical or mental impairment" that meets the twelve month duration requirement. 20 C.F.R. §§ 404.1509, 404.1520(a)(4)(ii). If the claimant does not have such a severe impairment, he is not disabled. Id.

At step three, the ALJ determines whether the severe impairment meets or equals a "listed" impairment in the regulations. 20 C.F.R. § 404.1520(a)(4)(iii). If so, the claimant is disabled.

3 - OPINION AND ORDER

If adjudication proceeds beyond step three the ALJ must first evaluate medical and other relevant evidence in assessing the claimant's residual functional capacity ("RFC"). The claimant's RFC is an assessment of work-related activities the claimant may still perform on a regular and continuing basis, despite limitations imposed by her impairments. 20 C.F.R. § 404.1520(e); Social Security Ruling ("SSR") 96-8p.

The ALJ uses this information to determine if the claimant can perform her past relevant work at step four. 20 C.F.R. § 404.1520(a)(4)(iv). If the claimant can perform her past relevant work, he is not disabled. If the ALJ finds that the claimant's RFC precludes performance of his past relevant work the ALJ proceeds to step five.

At step five the Commissioner must determine if the claimant is capable of performing work existing in the national economy. Yuckert, 482 U.S. at 142; Tackett v. Apfel, 180 F.3d 1094, 1099 (9th Cir. 1999); 20 C.F.R. §§ 404.1520(a)(4)(v), 404.1520(f). If the claimant cannot perform such work, he is disabled. Id.

The initial burden of establishing disability rests upon the claimant. Tackett, 180 F.3d at 1098. If the process reaches the fifth step, the burden shifts to the Commissioner to show that "the claimant can perform some other work that exists in the national economy, taking into consideration the claimant's residual functional capacity, age, education, and work experience." Id. at

4 - OPINION AND ORDER

1100. If the Commissioner meets this burden the claimant is not disabled. 20 C.F.R. §§ 404.1520(g), 404.1566.

## THE ALJ'S FINDINGS

The ALJ found Schoessler's "mild carpal tunnel syndrome; mild cervical disc bulging; depression; and polysubstance abuse consisting of marijuana, alcohol and methamphetamine" to be "severe" at step two in the sequential proceedings. Tr. 377. The ALJ found that these impairments did not meet or equal a listing at step three in the sequential proceedings. Tr. 378. The ALJ assessed Schoessler's RFC:

> [T]he claimant has the residual functional capacity to lift 20 pounds occasionally and 10 pounds frequently. He is able to sit for six hours and able to stand and/or walk for six hours in an eight-hour workday. He can occasionally climb ropes and ladders and can occasionally crawl or crouch. He should not engage in constant handling and fingering and should avoid hazards. He is limited to simple one to three step work tasks with limited public interaction (brief and unstructured is ok).

Id. The ALJ subsequently found that Schoessler can perform his past relevant work as a parking lot attendant at step four in the sequential proceedings. Tr. 384. The ALJ also identified additional work that Schoessler may perform in the national economy. Id. The ALJ therefore found Schoessler not disabled. Tr. 385.

## STANDARD OF REVIEW

The reviewing court must affirm the Commissioner's decision if

5 - OPINION AND ORDER

the Commissioner applied proper legal standards and the findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); Batson v. Comm'r for Soc. Sec. Admin., 359 F.3d 1190, 1193 (9th Cir. 2004). This court must weigh the evidence that supports and detracts from the ALJ's conclusion. Lingenfelter v. Astrue, 504 F.3d 1028, 1035 (9th Cir. 2007) (citing Reddick v. Chater, 157 F.3d 715, 720 (9th Cir. 1998)). The reviewing court may not substitute its judgment for that of the Commissioner. Id. (citing Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006)), see also Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001). Variable interpretations of the evidence are insignificant if the Commissioner's interpretation is a rational reading. Id.; see also Batson, 359 F.3d at 1193.

## DISCUSSION

Schoessler contends that the ALJ improperly evaluated the opinion of an examining psychologist and physician, improperly evaluated the lay testimony, and consequently made inappropriate findings at steps four and five of the sequential proceedings.

Schoessler also contends that the ALJ failed to comply with the remand orders issued by this court and the Appeals Council. This court has jurisdiction to review the Commissioner's final decision. 42 U.S.C. § 405(g). Because instructions issued by the Appeals Council do not constitute a final decision, they are not reviewed by this court.

## A. Medical Source Statements

Schoessler contends that the ALJ improperly evaluated the opinions of examining psychologist Dr. Binder and treating physician Dr. Ramsthel following this court's June 2006 Order. This court instructed the ALJ to "further consider" the opinions of Drs. Binder and Ramsthel, "obtain clarification of the opinions as needed," and "specify the weight given" to these opinion. Tr. 396.

Generally, the ALJ must accord a treating physician's opinion greater weight than that of an examining physician, and in turn grant greater weight to an examining physician's opinion than that of a reviewing physician. Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995). If the opinion of a treating or examining physician is contradicted, then an ALJ's rejection of that opinion need only identify specific and legitimate reasons supported by substantial evidence. Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir. 2005). Disability determinations are furthermore reserved for the Commissioner. 20 C.F.R. § 404.1527(e)(1).

### 1. Examining Psychologist Dr. Binder

Dr. Binder examined Schoessler on January 26, 2004. Tr. 287-93. Dr. Binder reviewed Schoessler's history, stating, "all history was provided by Mr. Schoessler." Tr. 287. Dr. Binder administered various psychological tests. Tr. 289. Dr. Binder reported that, "Testing of [Schoessler's] cognitive abilities was valid." Id. Dr. Binder discussed these test results and assessed

major depression and dysthymia, with a provisional diagnosis of obsessive-compulsive disorder. Tr. 292. Finally, Dr. Binder affirmed that Schoessler meets disability standards "as defined in section 223 of the Social Security Act." Tr. 294.

The ALJ discussed Dr. Binder's opinion at three instances in his decision. The ALJ first noted that Dr. Binder's Personality Assessment Inventory "suggested a possibility that the claimant may be exaggerating." Tr. 379. The record shows that Dr. Binder reported that Schoessler's Personality Assessments Inventory results "suggested a possibility that [Schoessler] might be exaggerating, to some degree, his complaints. However, it is not felt that, to the extent that some exaggeration was present, that it invalidated the test." Tr. 291. The ALJ's citation to this language is based upon the record and is therefore affirmed.

The ALJ also cited Dr. Binder's diagnostic impressions and discussed Dr. Binder's clinical report. Tr. 383. The ALJ concluded:

> [Dr. Binder's] opinions are not well supported by his own testing results or when viewing the totality of the evidence. Dr. Binder noted all cognitive test results were average. Specifically, Dr. Binder reported that on the WAIS-III the claimant obtained these IQ index scores: Verbal IQ 98, Performance IQ 97, and Full Scale IQ 98, Verbal Comprehension 101, Perceptual Organization 103, Working Memory 104, and Processing Speed 96. [Dr. Binder] noted that the claimant's full scale IQ was at the 45th percentile, well within the average range. He further noted that the claimant had no difficulty on measures requiring visuomotor and processing speed.

8 - OPINION AND ORDER

Tr. 383.

Schoessler now claims the ALJ failed to provide clear and convincing reasons for rejecting Dr. Binder's opinion. Schoessler specifically claims that the ALJ ignored Dr. Binder's clinical test results. Pl.'s Opening Br. 16. As noted, the ALJ specifically discussed Dr. Binder's test results in some detail. This submission therefore fails.

Schoessler also claims that the ALJ improperly substituted his own opinion for Dr. Binder's opinion. The ALJ is responsible for resolving conflicts in the medical evidence. Batson, 359 F.3d at 1195. The ALJ may do this by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof and making findings." Reddick, 157 F.3d at 725. Here, the ALJ discussed Dr. Binder's clinical findings and conclusions and specifically noted Dr. Binder's test results. This analysis is appropriate and is affirmed.

Finally, Schoessler claims the ALJ erroneously dismissed Dr. Binder's opinion that Schoessler meets disability standards "for the purpose of obtaining housing assistance." Pl.'s Opening Br. 16. Findings of disability under the Social Security Act are reserved for the Commissioner. 20 C.F.R. § 404.1527(c)(1). Therefore, the ALJ was not bound to accept this portion of Dr. Binder's opinion. Reddick, 157 F.3d at 725.

For these reasons the ALJ's assessment of Dr. Binder's opinion

9 - OPINION AND ORDER

is affirmed. The ALJ adequately explained his reasons for assigning less weight to Dr. Binder's opinion.

### 2. Examining Physician Dr. Ramsthel

Internist Dr. Ramsthel examined Schoessler on June 21, 2003. Tr. 280-85A. Dr. Ramsthel reviewed Schoessler's available medical records and reiterated Schoessler's reported history. Tr. 280-81. Dr. Ramsthel also conducted a clinical examination and assessed "some cervical degenerative disc disease, with good range of motion at this time," a history of carpal tunnel syndrome on the right, foot numbness, "what sounds like an anxiety attack," hypertension, depression, and noted that Schoessler "is currently abusing illicit drugs, namely methamphetamine." Tr. 283.

Dr. Ramsthel concluded that Schoessler "feels" he can stand and walk for fifteen minutes and sit for forty-five minutes only. Tr. 383. Dr. Ramesthel also stated that Schoessler "feels" he has a maximum lifting capacity of thirty pounds and may only lift five pounds frequently and that Schoesslerr's ability to handle objects is unlimited. Id. These limitations are based upon Schoessler's report.

The ALJ reiterated Dr. Ramsthel's report and concluded:

> [Dr. Ramsthel's] statements as to the claimant's
> limitations are not well supported by medically
> acceptable clinical, laboratory diagnostic studies, or
> even his own examination findings. It is apparent that
> much of the information Dr. Ramsthel used in making his
> assessments came from the claimant's own subjective
> reports without any objective corroboration.

10 - OPINION AND ORDER

Tr. 383. The ALJ subsequently noted that Dr. Ramstehl prefaced his suggested limitations with the qualification that the restrictions reflect what Schoessler "feels" he can do. Id.

Schoessler now claims that the ALJ "without explanation, failed to include the five pound lifting limitation assessed by Dr. Ramsthel" in his RFC assessment. Pl.'s Opening Br. 20.

As the ALJ noted, Dr. Ramsthel provided no clinical explanation for these restrictions. The ALJ may reject a physician opinion unsupported by notes or clinical findings. Bayliss, 427 F.3d at 1216. The ALJ also noted that Dr. Ramsthel himself in fact stated that his restrictions were based upon Schoessler's report. The ALJ may reject physician limitations predicated upon the testimony of a claimant deemed not credible. Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001).

Schoessler also asserts that the ALJ failed to include Dr. Ramsthel's handling and fingering limitation. Pl.'s Opening Br. 20. Dr. Ramsthel found Schoessler's ability to handle objects "unlimited." Tr. 284. This submission is not based upon the record and therefore fails.

Schoessler fails to assert any meaningful challenge to the ALJ's review of Dr. Ramsthel's opinion. This submission fails.

In summary, the ALJ's review of the opinions of Drs. Binder and Ramsthel is sufficiently clear and therefore complies with this court's Order.

11 - OPINION AND ORDER

B. Lay Witness Testimony

Schoessler asserts that the ALJ improperly evaluated the testimony submitted by lay witness Ellen Taylor. Pl.'s Opening Br. 17.

The ALJ has a duty to consider lay witness testimony. 20 C.F.R. § 404.1513(d), 404.1545(a)(3); Lewis v. Apfel, 236 F.3d 503, 511 (9th Cir. 2001). Friends and family members in a position to observe the claimant's symptoms and daily activities are competent to testify regarding the claimant's condition. Dodrill v. Shalala, 12 F.3d 915, 918-19 (9th Cir. 1993). The ALJ may not reject such testimony without comment, Nguyen v. Chater, 100 F.3d 1462, 1467 (9th Cir. 1996), but he may reject lay testimony inconsistent with the medical evidence. Lewis, 236 F.3d at 512.

Taylor submitted a third party activity report on March 25, 2003. Tr. 188-99. Taylor stated that she sees Schoessler daily and that he gets along "fabulous" with family members. Tr. 189. She reported that Schoessler "seldom" leaves his home, that he leaves his house "once weekly, and that he has "no new friends." Tr. 189-90. Taylor also stated that Schoessler cannot remember television programs and does not drive because it "makes him upset." Tr. 191. Taylor indicated that Schoessler does not participate in any hobbies or pastimes, Tr. 192-93, and that Schoessler "never" prepares his own meals. Tr. 194. Taylor stated that Schoessler has mood swings and does not pay his own bills or

handle money responsibly. Tr. 197. Finally, Taylor stated that Schoessler's anger and depression would interfere with his ability to work. Tr. 198.

The ALJ cited Taylor's testimony and noted discrepancies between Taylor's submissions and Schoessler's reported activities. Tr. 381. The ALJ specifically noted that while Taylor stated that Schoessler does not cook, drive or leave his house, Schoessler reported preparing his own meals, paying for car insurance, and attending daily job club meetings. Tr. 381. Such discrepancies are an acceptable reason for rejecting lay witness testimony. Lewis, 236 F.3d at 512.

The ALJ also noted that "the statements from Ms. Taylor are not fully supported by the medical record as a whole." Tr. 381. While the ALJ may not reject lay witness observations because the lay witness is not a medical expert, the ALJ may reject lay testimony unsupported by the medical evidence. Lewis, 236 F.3d at 511. This reasoning is sustained.

Finally, the ALJ rejected Taylor's speculation that Schoessler's limitations prevent him from working. Tr. 381. The ALJ must consider lay testimony reporting observations of a claimant in a work environment, Schneider v. Comm'r, 223 F.3d 968, 976 (9th Cir. 2000), but Taylor presently offered no such observations. As noted above, such determinations are reserved for the Commissioner. 20 C.F.R. § 404.1527(c)(1). The ALJ therefore

13 - OPINION AND ORDER

appropriately rejected Taylor's opinion that Schoessler may not sustain work activity.

In summary, the ALJ appropriately assessed Taylor's testimony. The ALJ made specific findings rejecting the limitations described by Taylor. This analysis therefore complies with this court's Order.

## C. The ALJ's Step Four Finding

Drawing upon the testimony of a vocational expert, the ALJ found that Schoessler could perform his past relevant work as step four in the sequential proceedings. Tr. 384. The ALJ's hypothetical questions to the vocational expert included RFC limitations supported by the medical evidence. Tr. 410. In making his findings based upon the vocational expert's testimony, the ALJ did not include additional limitations suggested by counsel. The vocational expert stated that a hypothetical individual with Schoessler's supported RFC could perform work as an a lot attendant, cashier, electronics worker, and office helper. Tr. 362, 365-66.

### 1. Hypothetical Questions

Schoessler argues that the ALJ's hypothetical questions to the vocational expert failed to reflect all of his limitations. Pl.'s Opening Br. 20. Schoessler specifically submits that the ALJ should have included Dr. Ramsthel's limitations, discussed above. Id.

14 - OPINION AND ORDER

The ALJ is not required to include unsupported limitations in his hypothetical questions to a vocational expert. Osenbrock v. Apfel, 240 F.3d 1157, 1163-64 (9th Cir. 2001). For the reasons established above, Schoessler fails to show substantive error in the RFC assessment. The ALJ appropriately relied upon this RFC and the vocational expert's testimony in his step four finding. Id.

2. Allegation of Bias

Schoessler also argues that the ALJ exhibited bias because he did not solicit additional vocational testimony at his November 2006 hearing. Pl.'s Opening Br. 19. A claimant asserting bias shoulders a significant burden of proof, as the presumption is that hearing officers are unbiased. Bayliss, 427 F.3d at 1214-15. To meet this burden the claimant must show that "the ALJ's behavior, in the context of the whole case, was so extreme as to display clear inability to render fair judgment," such as a conflict of interest or other specific reason. Id. at 1215 (citations and internal quotations omitted).

Schoessler contends that the ALJ's inappropriately concluded at his 2006 hearing that he did not need vocational testimony "because he had already made up his mind about this case." Pl.'s Opening Br. 19. Schoessler's indicated citation that the ALJ "asked all the questions I need last time" fails to note that the ALJ concurrently stated that the prior vocational testimony considered "the whole range of possibilities" regarding

15 - OPINION AND ORDER

Schoessler's past relevant work. Tr. 534.

The ALJ subsequently reviewed the vocational expert's testimony for the present record. Tr. 535-37. In response, Schoessler's counsel stated "[t]hat's fine. If you think you have enough [vocational testimony]." Tr. 535. The ALJ then cited this court's June 2006 Order and the Appeals Council's remand instructions. Tr. 536. The ALJ reviewed his previous finding that Schoessler could perform his past relevant work and repeated, "I'm not sure what the Appeals Council wants me to do more than we normally do with regard to asking questions about the performance [of Schoessler's past relevant work]." Tr. 537.

These statements do not establish bias. Bayliss, 427 F.3d at 1215. Furthermore, the consequences of any failure by the ALJ to call a second vocational expert are inconsequential because the ALJ made proper findings based upon the vocational expert's testimony, discussed above. The ALJ presently made appropriate determinations based upon substantial evidence, and any bias claim therefore fails. Id.

In summary, Schoessler fails to show that the ALJ failed to comply with this court's remand Order. The ALJ properly reviewed the medical evidence, and subsequently made appropriate findings at steps four and five of the sequential proceedings.

## CONCLUSION

The Commissioner's decision that Schoessler did not suffer

16 - OPINION AND ORDER

from disability and is not entitled to benefits under Title II of the Social Security Act is based upon correct legal standards and supported by substantial evidence. The Commissioner's decision is AFFIRMED and the case is dismissed.

IT IS SO ORDERED.

Dated this 27 day of August, 2008.

/s/ Ann Aiken
Ann Aiken
United States District Judge

17 - OPINION AND ORDER